IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONNIE BARBAROTTO and<br>HENRY BARBAROTTO, husband<br>and wife, | : <br> : <br> : <br> : | |
| Plaintiffs | : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 02-4389 |
| HERSHEY ENTERTAINMENT &<br>RESORTS COMPANY, | : <br> : <br> : <br> : | (Judge Reed) |
| Defendant | : | |

### BRIEF OF DEFENDANT HERSHEY ENTERTAINMENT & RESORTS COMPANY IN SUPPORT OF MOTION TO TRANSFER VENUE

Plaintiffs Connie and Henry Barbarotto ("Plaintiffs") initiated this action by filing a Complaint in the United States District Court for the Eastern District of Pennsylvania on or about July 2, 2002. Hershey Entertainment & Resorts Company ("HE&R") received a copy of the complaint by mail on July 16, 2002.

This action arises out of a trip and fall accident which allegedly occurred on May 28, 2001 at the HERSHEYPARK Stadium, while Plaintiffs were attending an 'Nsync concert. Complaint at ¶ 6. Plaintiffs are citizens of the state of New York. Complaint at ¶ 1. The complaint does not indicate the Plaintiffs' address. Based on prior representations by Plaintiffs, HE&R believes that Plaintiffs reside at 718 Kimball Avenue, Yonkers, New York. Jenkins Affidavit, at ¶ 13.

-2-

HE&R is a Pennsylvania corporation which owns and operates HERSHEYPARK and HERSHEYPARK Stadium, among other entertainment and resort venues. Jenkins Affidavit at ¶ 3. HE&R maintains its headquarters and principal place of business in Hershey, Dauphin County, Pennsylvania. *Id.* at ¶ 2. All of HE&R's witnesses and documents are located in Hershey, Pennsylvania, in the Middle District.[1] *Id.* at ¶ 6-12. Information Plaintiff has provided to HE&R thus far indicates that all of Plaintiffs' witnesses, including his treating physicians, are located in New York, outside the Eastern District. *Id.* at ¶ 14. The only connection this case has to the Eastern District is that Plaintiffs' counsel maintains his office in suburban Philadelphia.

Defendant HE&R submits this brief in support of its motion to transfer this action to the Middle District (Harrisburg Division) for the convenience of the parties and in the interest of justice.

---

[1] At this time, HE&R has identified the following individuals as potential witnesses: John Tshudy, Mona Hamilton, Allen Kintzer, and Timothy Shellenberger. All four witnesses live and work in the Hershey/Harrisburg area. HE&R anticipates that other HE&R employees who live and work in the Hershey/Harrisburg area may be called as witnesses, as well. *See* Jenkins Affidavit at ¶¶ 6-12.

## II. QUESTION PRESENTED

**WHETHER VENUE SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (HARRISBURG DIVISION) WHERE: (1) NEITHER OF THE PLAINTIFFS NOR ANY OF THEIR WITNESSES RESIDE IN THE EASTERN DISTRICT; (2) THE DEFENDANT IS LOCATED IN THE MIDDLE DISTRICT; (3) THE SCENE OF THE ALLEGED ACCIDENT IS LOCATED IN THE MIDDLE DISTRICT; AND (4) ALL OF DEFENDANT'S WITNESSES AND DOCUMENTS ARE LOCATED IN THE MIDDLE DISTRICT?**

**Suggested Answer: Yes**

## III. ARGUMENT

Neither of the Plaintiffs resides in the Eastern District. None of Plaintiffs' treating physicians are located in the Eastern District. The accident did not take place in the Eastern District. Neither the Defendant nor any of the Defendant's witnesses are located in the Eastern District. In fact, the only connection this action has with the Eastern District is that Plaintiffs' counsel maintains his office in suburban Philadelphia. Pursuant to 28 U.S.C. § 1404(a), this action should be transferred from this Court to the United States District Court for the Middle District of Pennsylvania (Harrisburg Division).

Section 1404(a) provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). The burden of establishing that an action should be transferred rests with the movant; however, the district court is vested with wide discretion in making the transfer decision. *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1045

(3d Cir. 1973). The court must first determine whether venue would be proper in the proposed transferee district, meaning that the Plaintiff could have brought the action there originally. *Id.* If the court determines that the action might have been brought in the transferee district, the central question then becomes "whether considerations of fairness and convenience support a transfer." *Jones v. BCJ Trucking, Inc.*, No. 93-CV-2079, 1993 U.S. Dist. LEXIS 6982, at *6 (E.D. Pa. May 26, 1993) (Reed, J.) (citations omitted). Courts must consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Tranor v. Brown*, 913 F. Supp. 388, 391 (E.D. Pa. 1996); *citing Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The relevant factors ("*Gilbert* factors") include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attending witnesses; (3) the cost of attendance at trial by willing witnesses; (4) the possibility of view of the premises, if appropriate; (5) all other practical problems that make trial of a case easy, expeditious, and inexpensive; and, (6) "public interest factors," including the relative congestion of court dockets, burdensome jury duty in a community unrelated to the litigation, and the interest of having a local dispute decided in that locality. *Dinterman v. Nationwide Mut. Ins. Co.*, 26 F. Supp.2d. 747, 749 (E.D. Pa. 1998), *citing Gulf Oil v. Gilbert*, 330 U.S. 501 (1947).

  Although there is ordinarily a presumption in favor of the plaintiff's choice of forum, where the plaintiff chooses a forum which is not his home forum or the situs of the occurrence upon which the suit is based, his choice should be given considerably

less weight. *Jordan v. Del. & Hudson Railway Co.*, 390 F. Supp. 997, 998 (E.D. Pa. 1984), citing *Piper Aircraft Co. v. Reyno,* 454 US. 235, 256 (1981); *Shuttle v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). Indeed, in such cases the plaintiff's choice of forum is not a paramount or even a dominant consideration. *Brantner v. Black & Decker Mfg. Co.*, No. CIV. A. 92-1962, 1992 U.S. Dist. LEXIS 18449, *10 (E.D. Pa. Nov. 25, 1992) (Reed, J.); *Jones, supra*, at *8-9. Further, the fact that plaintiff's counsel is located in the Eastern District has no bearing whatsoever on Plaintiff's choice of forum. Courts have held that the convenience of counsel is not a factor to be considered in deciding a motion to transfer. *Jordan*, 390 F. Supp. at 998; *Lifescan, Inc. v. Polymer Tech. Internat'l Corp.*, No. CIV. A. 93-6983, 1994 U.S. Dist. LEXIS 5531, at *12 (E.D. Pa. Apr. 28, 1994) (Reed, J.).

In deciding "other practical problems," courts will consider disruption of business operations. *Jones, supra,* at *4. Disruptions include the travel time involved for attendance at trial by liability witnesses. *Id.* If transfer of an action will mitigate those disruptions, the motion should be granted. *Id.*

With regard to public interest factors, courts consider the burden of jury duty on the people of a community having no connection with the litigation, and the desirability of holding a trial near those most affected by it. *Jones, supra,* at *4; *Brantner, supra,* at *4. Jurors residing in the judicial district where a personal injury action happened will "be more concerned with alleged torts in their district . . ." *Jones, supra,* at *4. Moreover, as this Court has recognized, "jury duty is a burden that ought not to be

imposed upon the people of a community which has no relation to the litigation." *Brantner, supra,* at *13.

In *Jones v. BCJ Trucking, Inc.*, 1993 U.S. Dist. LEXIS 6982 (Reed, J.), this Court considered similar facts and transferred venue from the Eastern District to the Western District of Pennsylvania. In *Jones*, the plaintiff did not reside in the Eastern District and none of the operative facts took place in the Eastern District. *Id.* at *9. Thus, plaintiff's choice of forum was entitled to less deference. *Id.* Additionally, the accident took place in the Western District, and all of defendant's witnesses were located in the Western District. *Id.* The Court held that the local community of the Western District had more of an interest in the dispute, not only because the defendant resided in the Western District, but because of the witnesses residing there. *Id.* at *11. Thus, the Court held that in the interests of fairness and convenience to witnesses, the case should be transferred to the Western District. *Id.* at *14.

Likewise, in *Cain v. DeDonatis*, 683 F. Supp. 510 (E.D. Pa. 1988), the Court transferred an action to the Middle District where the defendant resided, and where the car accident which gave rise to the action occurred. *Id.* at 513. The court reasoned that the plaintiff's choice of forum in the Eastern District was entitled to less deference because the plaintiff lived in Delaware, outside the Eastern District. *Id.* at 512. In transferring the case to the Middle District, the court emphasized that the case's only connection with the Eastern District was the location of counsel for both plaintiff and defendant. *Id.* at 513.

Similarly, in *Cameli v. WNEP-16 The News Station*, 134 F. Supp.2d 403 (E.D. Pa. 2001), the Court transferred an employment discrimination case to the Middle District because all of the operative facts giving rise to the litigation occurred there. *Id.* at 406. The court found that the local interest in the dispute weighed heavily in favor of transfer. *Id.* at 407. Noting that no party or witness had any connection whatsoever with Philadelphia, the court reasoned that there was a strong local interest for the dispute to be resolved in the Middle District where it arose, and where the impact of any judgment would be felt. *Id.* at 406-07.

Finally, under circumstances quite similar to those of the instant case, this Court transferred an action to the District of New Jersey in *Feldman v. The Pub of New Jersey*, 1994 U.S. Dist. LEXIS 9428 (E.D. Pa. 1994). In *Feldman*, a restaurant patron was injured when she fell through a chair at a New Jersey pub. *Id.* at *1. This Court held that convenience and justice would be served by transferring the case to the venue where the injury allegedly occurred, where the defendant's business records were located, and where key liability witnesses resided. *Id.* at *6.

In determining whether to transfer venue to the Middle District in this case, the Court must first determine whether the action could have been filed there initially. There is no question that the instant action could have been brought in the Middle District

pursuant to 28 U.S.C. §§ 1391(a)(1) and (2).[2]  The Defendant, HE&R, resides within the Middle District, and the events giving rise to the claim occurred at HERSHEYPARK Stadium, located in the Middle District.  As a next step, the Court must consider the *Gilbert* factors to determine whether venue should be transferred to the Middle District.

In considering these factors, HE&R urges that the Court give little weight to Plaintiff's choice of the Eastern District because it is neither Plaintiffs' home forum nor the location of the accident.  Plaintiff does not reside in the Eastern District of Pennsylvania, but lives in New York; and the accident took place in the Middle District.  The Complaint gives no indication that there is any connection whatsoever with the Eastern District.

Moreover, the *Gilbert* factors weigh heavily in favor of transferring this action to the Middle District of Pennsylvania.  Defendant HE&R is located in Hershey, Pennsylvania, within the Middle District.  All of HE&R's witnesses and documents concerning the alleged accident are located in Hershey, Pennsylvania, as is the site of the alleged accident.  If this case were transferred to the Middle District, where the

---

[2] 28 U.S.C. § 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

accident took place, these witnesses would travel only 14 miles to the courthouse, as opposed to approximately 100 miles to the District Court in Philadelphia.[3]  The 100-mile trip in this case, given traffic conditions, takes approximately two hours, and a round-trip takes approximately four hours.  This Court has previously recognized that "a seventy-five minute train ride is not insignificant."  *Am. Booksellers Assoc., Inc. v. Houghton Mifflin Co., Inc.*, 1994 U.S. Dist. LEXIS 14737, at *5 (E.D. Pa. 1994) (transferring venue to the Southern District of New York).

Thus far, based on limited knowledge of Plaintiffs' claims, HE&R has identified four potential witnesses:  John Tshudy, HE&R's Director of Buildings & Grounds Maintenance, who lives at 884 Palmyra Bellgrove Road, Annville, Pennsylvania (located in the Middle District); Mona Hamilton, a Registered Nurse from the HERSHEYPARK First Aid staff, who assisted Plaintiffs at the time of the accident, who lives at 515 Randall Circle Hummelstown, Pennsylvania (located in the Middle District); Allen Kintzer, an EMT from the HERSHEYPARK First Aid staff, who assisted Plaintiffs at the time of the accident, and who lives at 604 East Lincoln Avenue, Myerstown, Pennsylvania (located in the Middle District); and Timothy Shellenberger, Director of Safety & Security for HERSHEYPARK, who lives at 716 Bachmanville Road, Hershey, Pennsylvania (located in the Middle District).  HE&R anticipates that other HE&R employees who live and work in

---

[3] At this point, HE&R is not aware of any potential witnesses who would not voluntarily testify; however, under such circumstances, there is little doubt that the Middle District would have subpoena power under Fed. R. Civ. P. 45(b)(2).  The Eastern District's ability to subpoena unwilling witnesses is less clear, given that the accident occurred approximately 100 miles away from the courthouse in Philadelphia.  *See Dinterman v. Nationwide Mut. Ins. Co.*, 26 F. Supp.2d 747, 750 (E.D. Pa. 1998).

the Hershey/Harrisburg area may be called as witnesses, as well.  Should this matter remain in the Eastern District, the absence of Shellenberger and Tshudy, both Directors for the company, will cause HE&R to suffer a disruption to its business activities.  Likewise, the community will suffer the loss of the services of Hamilton and Kintzer, both trained in emergency medical assistance.  *See Jones*, 1993 U.S. Dist. LEXIS 6982, at *11 (noting that the "greater convenience of the Western District for the hospital personnel is not only important to them, but to the local community because of the value of their services.").

Conversely, none of Plaintiffs' witnesses will suffer any disruption whatsoever by having to testify in the Middle District as opposed to the Eastern District.  HE&R believes and therefore avers that none of Plaintiffs' witnesses are located within the Eastern District.  Documents received thus far indicate that Plaintiff received treatment for her alleged injuries in Yonkers, New York.  Plaintiff will have to travel a substantial distance whether this case is tried in the Eastern District (115 miles) or the Middle District (195 miles), as will the treating physician if he chooses to testify in person.[4]  If Plaintiff takes a videotape deposition of the treating physician, as most Plaintiffs do, the distance from the courthouse to the location of the treating physician is irrelevant.  Moreover, courts have held that the convenience of liability witnesses is entitled to greater weight than the convenience of damages witnesses.  *Rowles v. Hammermill Paper Co., Inc.*, 689 F. Supp. 494, 496 (E.D. Pa. 1988) (transferring venue from the

---

[4] HE&R consulted http://www.mapquest.com for the approximate distances indicated herein.

Eastern District to the District of Maryland, where the car accident at issue took place in Maryland, and most witnesses and sources of proof were located there); *Jones*, 1993 U.S. Dist. LEXIS 6982, at *9.  In this case, Defendant's witnesses, all of whom reside in the Middle District, are liability witnesses; whereas Plaintiff's potential medical witnesses, who are located in New York, are likely to be damages witnesses.

Public interest factors also weigh in favor of transferring the case to the Middle District.  Courts have held that the public interests include:  practical considerations that could make the trial easy, expeditious, or inexpensive; the relative congestion of court dockets; burdensome jury duty in a community unrelated to the litigation; and the local interest in deciding local controversies at home.  *Jumara*, 55 F.3d at 879-80 (3d Cir. 1995); *Dinterman*, 26 F. Supp.2d. at 749.  Because of the location of HE&R and its witnesses, it would be impractical and expensive for HE&R to try this case in the Eastern District, where neither party and no witnesses reside.  Furthermore, there is no logical reason to burden this Court and draw jurors from the Philadelphia community to try a case which has no connection to the Eastern District.  Finally, the interests of justice are better served by allowing the Middle District to decide this local controversy, rather than to sanction Plaintiffs' forum shopping.  *See Cameli*, 134 F. Supp.2d at 406-07.

The only connection the instant action has to the Eastern District is that Plaintiffs' counsel maintains his office there.  The law is clear that the convenience of counsel is not a factor to be considered in deciding a motion to transfer.  *Jordan*, 390 F. Supp. at 998 (transferring a case from the Eastern District of Pennsylvania where only the offices

of plaintiff's counsel and those of three of his expert witnesses could be found in the Eastern District); *see also Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973); *Cain v. DeDonatis*, 683 F. Supp. at 513; *Lifescan, Inc. v. Polymer Tech. Internat'l Corp.*, No. CIV. A. 93-6983, 1994 U.S. Dist. LEXIS 5531, at *12 (E.D. Pa. Apr. 28, 1994) (Reed, J.).

Weighing all of the factors outlined above, the interests of fairness, justice and convenience to the parties and witnesses dictate a transfer of venue from the Eastern District to the Middle District. Accordingly, this action should be transferred to the Middle District of Pennsylvania (Harrisburg Division).

## IV.    CONCLUSION

For all of the reasons set forth above, Defendant Hershey Entertainment and Resorts Co. requests that this action be transferred to the United States Court for the Middle District of Pennsylvania (Harrisburg Division) for the convenience of the parties and in the interest of justice, pursuant to 28 U.S.C. § 1404.

Respectfully submitted,

McNEES WALLACE & NURICK LLC


By_____
    Carol A. Steinour, Esquire
    100 Pine Street
    P.O. Box 1166
    Harrisburg, PA  17108-1166
    (717) 237-5342

Attorneys for Defendant
Hershey Entertainment & Resorts
    Company

Dated:  August 13, 2002